NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

JACK S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, I.H., A.S., *Appellees.*

No. 1 CA-JV 16-0375
FILED 4-27-2017

Appeal from the Superior Court in Maricopa County
No. JD20846
The Honorable Joseph C. Welty, Judge

**APPEAL DISMISSED IN PART, VACATED IN PART AND
REMANDED**

COUNSEL

Law Office of H. Clark Jones, LLC, Mesa
By Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Margaret H. Downie joined.

---

**B R O W N**, Chief Judge:

¶1        Jack S. ("Father") appeals the juvenile court's dependency order.   Father argues the court erred because reasonable evidence does not support a finding that he suffers from antisocial personality disorder or mental illness that impairs his ability to parent his two children, A.S. and I.H.  The Department of Child Safety ("DCS") has advised us that after Father's notice of appeal was filed, the juvenile court dismissed the dependency as to A.S., and thus Father's appeal as to A.S. is dismissed as moot.  As to I.H., DCS concedes the error, but requests that we remand the matter for further proceedings.  Father does not object to DCS's request.

¶2        A "dependent child" is one who is "[i]n need of proper and effective parental care and control and who has no parent . . . willing to exercise or capable of exercising such care and control."  Ariz. Rev. Stat. ("A.R.S.") § 8-201(15)(a)(i).  We review a dependency finding for abuse of discretion and will affirm the court's finding unless no reasonable evidence supports it. *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 488, ¶ 12 (App. 2015).

¶3        In December 2015, DCS filed a dependency petition alleging Father was unfit to parent due to abuse and mental illness. *See* A.R.S. § 8-201(15)(a)(i), (iii).  Father participated in a psychological evaluation with Dr. Mary Oakley in July 2016.  At the dependency hearing several weeks later, Dr. Oakley testified that there was "no indication of a mental illness, thought disorder, psychosis, [substance] abuse, mental deficiency, or mental retardation."  Although Dr. Oakley testified Father has "features of anti-social personality," he does not meet the "full criteria for a diagnosis." Dr. Oakley explained further that possessing antisocial personality features alone "is in no way indicative of anybody's ability to parent a child."  Her only recommendation was that Father receive counseling.

¶4        The juvenile court found I.H. dependent because Father was unfit to parent based Father's failure to properly treat his mental health issues.  Given Dr. Oakley's testimony, as well as DCS's concession, the

record lacks sufficient evidence showing that Father suffers from a mental illness or other mental disorder that makes him unfit to parent. We therefore agree and vacate the court's dependency finding as to I.H.

¶5            Consistent with the parties' request, recognizing the juvenile court's finding that "[I.H.] is presently in a therapeutic group home, suffers from mental illness, requires mental health treatment, suffers from both prescription and illegal drug use and abuse and is undergoing treatment," we remand for further dependency proceedings.



AMY M. WOOD • Clerk of the Court
FILED:  AA